Charles T. Major, J.
This claim is to recover damages alleged to have been caused by the negligence of the State in constructing and maintaining a defective window and window frame in cottage No. 1 in Letchworth State Park, near Perry, New York. Charles Meislin and Edythe Meislin, above-named claimants, were and are now husband and wife. They had reservations for the rental of a cottage for a week, and arrived at the park on Saturday, July 10,1954, about 4:00 p.m.
After paying the rental fee, they were assigned and taken to cottage No. 1. Claimants’ two children and a nephew accompanied them and stayed at the cottage. Claimant Edythe Meislin alleges that two days later, on July 12, while she was sweeping, the window about two and a half feet square on the north side of the cottage, fell out, struck her on the back, inflicted injury and caused her pain, and later required medical attention. She further alleges that the window fell because a slat or strip of wood holding the bottom of the window in place, was missing. This window rested on a 2" x 4" sill, upon which the window slid sideways to open or close. The slat or strip along the 2" x 4" and the inside of the window formed a track within which the window could be opened or closed. The claim of Charles Meislin is for moneys disbursed for his wife’s care and treatment and for loss of her services.
Claimants have failed in their burden of proof in either establishing negligence of the State or notice to the State of any defect of the cottage or the window involved.
It appears that the State inspects all cottages each Spring and at various other times throughout the season. The last general inspection was completed a month prior to this accident. The cottages are also inspected after each tenant vacates and before they are again occupied. Cottage No. 1 was inspected and cleaned by one of the rangers just before claimants’ arrival and nothing was found out of repair or place. After the inspection, this cottage was locked and was not *511 occupied until the entrance of claimants. After the accident, the cottage was again inspected by a ranger and the slat or strip of wood referred to as missing by Edythe Meislin was found by such ranger broken into pieces and stuck in two small cans containing mud under the window in the camp. The four or five nails which held such slat in place were still in place and stuck up about an inch out of the 2" x 4" sill. There is no explanation as to how the window by-passed the nails. The ranger took the nails out and found the same were not rusted. The window was then resting on the floor leaning against the wall, and the glass was not broken. The tenant who occupied this cottage during the preceding week and left the morning of the day of claimants arrival, had used the window in question, found it in good working order, and noticed nothing wrong with it.
The motion of the State at the close of the trial is granted, and both claims herein are dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, §440.)
Judgment is directed accordingly in each claim.